IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JIM BROWN                                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:18-CV-194-SA-DAS

CESAR DEL POZO                                                                      DEFENDANT

ORDER

Jim Brown originally filed his Complaint [2] in the Mississippi Circuit Court of Clay County on July 18, 2017, asserting claims for alienation of affection, and intentional or negligent infliction of emotional distress against Cesar Del Pozo. Del Pozo, was served on October 6, 2018, and removed the action to this Court on November 5, 2018. Now before the Court is the Defendant's Motion to Dismiss [8] for improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), or in the alternative, as a sanction for the Plaintiff's filing of a fraudulent affidavit.

*Background and Procedural History*

The Plaintiff filed his Complaint in Circuit Court on July 18, 2017. On November 13, 2017, within the time provided for under Mississippi Rule of Civil Procedure 4(h), the Plaintiff filed a motion for extension of time to serve the Defendant. The Circuit Court granted the Plaintiff's motion for extension of time and allowed the Plaintiff an additional 120 days, ending on March 18, 2018, to serve the Defendant. On January 22, 2018, the Plaintiff submitted a proof of service document indicating that the Defendant was served with process on December 16, 2017. The Circuit Court subsequently entered an order of default against the Defendant on January 29, 2018.

On March 7, 2018, the Defendant made a special appearance in Circuit Court and filed a motion to set aside the entry of default. On March 12, 2018, the Defendant filed a motion to dismiss for improper service of process, or in the alternative, for the Plaintiff's filing of a fraudulent

affidavit. In his motion before the Circuit Court the Defendant argued that the Plaintiff submitted a false proof of service stating that the Defendant was served on December 16, 2017. The Defendant submitted an affidavit stating that he was in California on December 16, 2017 and was not served because he was not at his residence to receive process. In response to the Defendant's affidavit, the Plaintiff secured an affidavit from his process server, Richard Allen, confirming that he served the Defendant on December 16, 2017, despite the Defendant's contention that he was out of the state on that day.

On April 25, 2018, the Defendant provided Allen a copy of his affidavit, plane ticket, and receipts showing that he was in California on December 16, 2017. After reviewing the material, Allen submitted a second affidavit stating that if he had been provided with that information, he would not have executed the first affidavit.

The Circuit Court held a hearing on the Defendant's motions on July 27, 2018. The Circuit Court Judge issued a ruling from the bench denying the Defendant's motion to dismiss and finding good cause to allow the Plaintiff an additional 120 days to re-serve the Defendant.[1] It is undisputed that on October 6, 2018, the Defendant was served with process.

The Defendant then filed his Notice of Removal [1] in this Court on November 5, 2018. On December 10, 2018, the Defendant filed his Motion to Dismiss [8]. This Motion not only contains the same arguments, but is in fact virtually identical to the motion denied in state Circuit Court on July 27, 2018.

*Procedural Posture*

Pursuant to 28 U.S.C. § 1450, "[w]henever any action is removed from a State court to a district court of the United States . . . all injunctions, orders and other proceedings had in such

---

[1] The Defendant filed a motion to alter or amend on August 27, 2018, seeking relief from the Circuit Court's denial of his motion to dismiss. It appears from the record that the Circuit Court did not have an opportunity to rule on this motion prior to removal.

2

action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." By ensuring these orders do not lapse upon removal, the statute facilitates the federal court taking the case up "where the state court left if off." *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1998) (citations omitted). In other words, "[t]he federal court accepts the case in its current posture as 'though everything done in state court had in fact been done in the federal court.'" *Id*. at 1303 (quoting *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937)).

"Accordingly, where as in the present case the state court's ruling is purely interlocutory, it remains subject to reconsideration just as it had been prior to removal." *Nissho-Iwai American Corp.*, 845 F.2d at 1303 (citing *General Investment Co. v. Lake Shore & Michigan Southern Ry.*, 260 U.S. 261, 267, 43 S. Ct. 106, 67 L. Ed. 244 (1922). Because the Circuit Court's order is transformed into an order of this Court, the Court may review the Defendant's Motion [8] just as it would any other interlocutory order entered by this Court. *See* 28 U.S.C. § 1450. Given the posture of the case, the Court will construe the Defendant's Motion to Dismiss [8] instead as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b).[2]

*Standard of Review*

Where a party seeks reconsideration of a non-final interlocutory order, the proper course is to consider the motion pursuant to Federal Rule of Civil Procedure 54(b), which provides that such an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b); *Jackson v. City of Atlanta, Tex.*, 73 F.3d 60, 62 (5th Cir. 1996) (noting that a motion to dismiss is not a final decision); see also *Wesco Insurance Co. v. Archer Landscape Group*, LLC, No. 1:16-CV-165-DMB, 2018 WL 2917371, *2

---

[2] "As long as a district court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

(N.D. Miss. Jun. 11, 2018) (noting that an order denying a motion to dismiss is not a final decision because such orders ensure that litigation will continue). "The standard of review for reconsideration of interlocutory orders is 'as justice requires.'" *Lexington Insurance Co. v. ACE American Insurance Co.*, 192 F. Supp. 3d 712, 714 (S.D. Tex. Jun. 14, 2016). "Underlying a motion for reconsideration is the 'caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id*. (quoting *Judicial Watch v. Dept. of Army*, 466 F. Supp. 2d 112, 122 (D.D.C. Dec. 12, 2006).

Given the considerable discretion district courts have in deciding whether to grant a motion to reconsider, the Court will "consider whether there is any legitimate reason to revisit its earlier determinations and weigh those reasons against the interest of judicial economy, including the interest of winnowing and defining the issues that may eventually be considered at trial." *Livingston Downs Racing Assn., Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475-77 (M.D. LA Sep. 23, 2002).

*Discussion and Analysis*

In his Motion [8], the Defendant asserts the same arguments presented to the state Circuit Court. The Defendant first argues that the Plaintiff's November 13, 2017 motion for extension of time to serve the Defendant failed to show good cause or good faith and was improperly granted. Next, the Defendant argues that during the first 120-day extension of time granted by the Court, the Plaintiff submitted a false proof of service. The Defendant argues that instead of engaging in any form of investigation to discover the Defendant's whereabouts on December 16, 2017, the Plaintiff doubled down on the false proof of service and mislead Allen by omitting material facts—namely that the Plaintiff knew the Defendant was in California and was not served, and subsequently secured a false affidavit from Allen stating that he did serve the Defendant on

December 16, 2017.³ Finally, after the July 27 bench order, the Defendant argues the Plaintiff failed to demonstrate good cause for the delay in serving the Defendant and that the Circuit Court erred in granting the Plaintiff a second 120 days from the date of the hearing to re-serve the Defendant. The Defendant requests the Court to reconsider both extensions of time and to dismiss this action without prejudice based on the improper service and apply the order retroactively to take effect on November 17, 2018, or in the alternative, to dismiss with prejudice as a sanction for the false affidavit.

The Plaintiff argues that despite the Defendant's allegations of fraud and misconduct, the Circuit Court was fully aware of the relevant facts upon entry of the order and found good cause to allow the 120-day extension to serve process. In sum, the Plaintiff argues that the Defendant is re-litigating issues already presented to the Circuit Court and requests that this Court decline to reconsider the Circuit Court's order.

I. First extension of time

The Defendant's service of process is governed by Mississippi Rule of Civil Procedure 4(h) because this action was originally filed in the Clay County Circuit Court and the Circuit Court entered the orders granting the contested extensions of time. *See generally Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974) (noting that once a case has been removed to federal court, federal rather than state law governs future course of proceedings, notwithstanding state court orders issued prior to removal). Rule 4(h) provides that the Plaintiff has 120 days to serve the Defendant, unless the Plaintiff can "show good cause why such service was not made within that period." MISS. R. CIV. P. 4(h).

---

³ The Circuit Court found as a matter of fact that all attorneys conducted themselves in a good and ethical fashion in the case. *See* [6-6] at p. 22.

5

The Plaintiff requested his first extension of time to serve the Defendant on November 13, 2017, within the 120-day limit defined by Rule 4(h). The Court entered an order finding good cause to grant the extension and allowed the Plaintiff an additional 120 days to complete process. The Defendant argues that the Plaintiff's motion was improperly granted because it "was not supported by an affidavit and, as a matter of law, did not demonstrate good cause for a number of reasons." [9] at ¶ 19. However, regarding an initial extension of time, the Mississippi Supreme Court has held:

> Rule 4(h) clearly does not apply to a motion for additional time filed within the initial 120 days. In fact, under Rule 4(h), a showing of good cause is not required *unless and until* the complaint is subject to dismissal for failure to serve process within 120 days, and a complaint cannot be subject to dismissal for failure to serve process within 120 days until the 120-day period has lapsed. There is no requirement in the Rules that, during the initial 120-day period, a plaintiff must show good cause in order to obtain additional time in which to serve process.

*Cross Creek Productions v. Scafidi*, 911 So. 2d 958, 960 (Miss. 2005).

Given the relevant authorities, the Court fails to find any legitimate reason to revisit its earlier determination and the Defendant's Motion [8] as to the initial extension of time warrants no reconsideration. *See Lexington*, 192 F. Supp. 3d at 714.

II.  Fraudulent Affidavit

Within the first 120-day extension of time, the process server submitted proof of service that the Defendant was served on December 16, 2018. The Defendant contested the service and submitted an affidavit stating that he was not physically present in Hudson County, New Jersey, and that he was not served with process. In support thereof, the Defendant supplied a copy of his plane ticket and supporting credit card charges during the relevant time period to the Plaintiff. The Defendant argues that after being made aware that the Defendant was not served on December 16, 2018, the Plaintiff chose to double down on the validity of the proof of service and filed a

6

fraudulent affidavit confirming that the Defendant was served on December 16, 2018. The Defendant asserts that the Plaintiff's actions constitute fraud upon this Court, and that "such actions demonstrate the lack of good cause and lack of good faith as a matter of law, and that this matter should be dismissed with prejudice as an appropriate sanction." [9] at ¶ 33.

In response, the Plaintiff argues that the Defendant's evidence was purely circumstantial, as the offered plane ticket failed to include the Defendant's name. The Plaintiff asserts that due to this insubstantial evidence, he then procured Allen's first affidavit confirming that the Defendant was served. The Plaintiff also stated on the record that he was unaware of Allen's conflicting affidavits until the day of the hearing. *See* [6-6] at p. 8. Indeed, the record reflects that the Defendant failed to present the contradictory affidavit prior to the hearing. Due to the Plaintiff's lack of knowledge as to the conflicting affidavits, the Court found that the Plaintiff had good cause to rely on the initial proof of service sworn to by Allen on December 18, 2017 because there was no indication that it was false or fraudulent when it was filed with the Court.

In his Motion [8], the Defendant failed to raise any new arguments or present any legitimate evidence that may provide a proper basis to reconsider his request for dismissal of this action with prejudice. Instead, the Defendant has merely reasserted arguments made previously, and a "motion for reconsideration based upon the same arguments only serves to waste the valuable resources of the court." *Ioppolo v. Rumana*, No. 06-193-JJB, 2013 WL 64615, *3 (M.D. LA Jan. 4, 2013) (citation omitted). Based upon the facts and evidence presented, the Court finds that justice does not require reconsideration of the Court's previous order. *See Lexington*, 192 F. Supp. 3d at 715. Accordingly, the Defendant's Motion [8] for reconsideration at to the Plaintiff's allegedly fraudulent affidavit is denied.

III.     Second extension of time

Finally, the Defendant argues that the Plaintiff failed to show good cause to warrant a second extension of time at the July 27 hearing. The Court, however, found good cause based upon the process server's affidavit stating that the Defendant was served and the Plaintiff's testimony that he was unaware of the conflicting affidavits until the day of the hearing. The Court found the Plaintiff had no reason to believe that process had not been completed in accordance with Rule 4(h) prior to the hearing. *See Collins v. Westbrook*, 184 So. 3d 922, 930-931 (Miss. 2016) (holding that good cause may be found when a process server fails to complete process and the Plaintiff has no reason to believe that process was served on anyone other than the Defendant). Upon this finding, the Court allowed the Plaintiff an additional 120 days to effect service of process on the Defendant.

Under the circumstances and after careful consideration of the Defendant's arguments, the Court finds no legitimate basis on which to reconsider the order granting the Plaintiff an additional 120 days to serve the defendant. Therefore, the Defendant's Motion [8] for reconsideration as to the second extension of time is denied.

*Conclusion*

For all of the reasons and authorities discussed above, the Defendant's Motion [8] for reconsideration is DENIED.

SO ORDERED on this, the 21st day of March, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE